(No. 74-CC-37—Claimant )

FINGER ENTERPRISES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 4, 1974.*

AARON, AARON, SCHIMBERG & HESS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

BURKS, J.

This matter comes now before the Court on claimant's motion [filed September 21, 1973] for judgment on the pleadings, since each and every allegation in claimant's complaint are admitted by the respondent. The court finds that claimant is entitled to the award prayed for under the following admitted facts stated in the complaint:

1. This claim is founded upon a law of the State pursuant to § 8(c) of the Court of Claims Act.

2. Claimant submitted $100.00 to the Department of Public Health and the State of Illinois for a permit to construct a swimming pool under the provisions of the "Recreational Area Licensing Act", *Ch. 111½, Sec. 764, Ill.Rev.Stat.*

3. Subsequently, the Department of Public Health was informed by an opinion of the Attorney General of Illinois that the area on which said swimming pool was to be constructed was not subject to the aforementioned Act, but was instead subject to the provisions of the "Swimming Pool Act", *Ch. 111½, Sec. 88-94, Ill.Rev.Stat.,* which Act does not require a deposit.

4. On May 10, 1973, claimant requested a refund of the $100.00 from the Department of Public Health and in reply thereto received a letter from the Department, a copy of which is attached to the complaint, stating that the $100.00 had been deposited in the State General Revenue Fund, and that the Recreational Area Licensing Act did not provide for reimbursement. The said Department letter further suggested that claimant bring an appropriate action for a refund of the $100.00 in the Illinois Court of Claims. Respondent does not oppose claimant's motion.

The court finds that claimant's deposit of $100.00 should be refunded and the claimant, Finger Enterprises, is hereby awarded the sum of One Hundred ($100.00) Dollars.